(No. 81-CV-0518–

*In re* APPLICATION OF JOHNNY MAE HOWARD.

*Order filed December 14, 1981.*

*Order on motion to add additional claimant filed December 14, 1981.*

JOHNNY MAE HOWARD AND CHARLES HOWARD, *pro se*, for Claimants.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on February 1, 1980. Johnny Mae Howard and Charles Howard seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 8, 1981, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on February 1, 1980, the victim was shot by an unknown offender. The incident occurred on the street at 7515 S. Ellis, Chicago, Illinois. Prior to the shooting, the victim had been playing cards with several friends in a friend's apartment at 7534 S. Ellis, Chicago, Illinois. One of these friends asked the victim to go to his automobile, which he told the victim was parked on Ellis Street, in order to obtain a check. The victim, however, mistakenly entered another automobile which belonged to the offender. When the offender observed the victim in the process of what he thought was the burglary of his automobile, the offender obtained his gun while his wife called the police to report the incident. The offender then approached the victim and told the victim at gunpoint to exit the offender's automobile and lie on the ground until the arrival of the police. After lying on the ground a few minutes, the victim grabbed at the offend-

er's leg. The offender then backed away and fired a warning shot which accidentally struck the victim. The victim was pronounced dead on arrival at Jackson Park Hospital. The offender was apprehended and prosecuted on the charge of involuntary manslaughter. However, as the offender had been attempting to protect his property and the shooting in this incident was accidental, the offender was found not guilty of involuntary manslaughter.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act.

3. That the offender was prosecuted on the charge of involuntary manslaughter, of which he was found not guilty. That involuntary manslaughter is not one of the violent crimes specifically set forth under section 2(c) of the Act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is hereby denied.

## ORDER ON MOTION TO ADD ADDITIONAL CLAIMANT

This cause comes to be heard on the petitioner's motion to add an additional claimant, and the Court being fully advised in the premises:

It is hereby ordered that the motion to add Charles Howard as an additional claimant in cause No. 81-CV-0518 be and is hereby granted.